## STARR v. PATTERSON.

*(Supreme Court, General Term, First Department. June 12, 1891.)*

APPEAL—OBJECTIONS NOT RAISED BELOW—INSOLVENCY.

A motion made by an execution debtor for a perpetual stay of the execution on the ground that he had been discharged from all his debts, including plaintiff's claim, under the insolvency laws of Massachusetts, was resisted on the ground that he had fraudulently omitted plaintiff's name from the schedules, whereby the discharge was invalidated. The matter was referred to ascertain whether the omission of plaintiff's name was an act of fraud. On the hearing on the referee's report the case was disposed of as a question of fact, no question of law being presented, and the motion denied. *Held*, that the order denying the motion for a stay would not be disturbed on appeal, on the ground that under the Massachusetts statute the certificate of discharge is conclusive of the fact and of the regularity of the discharge, such question not having been raised in the court below.

Appeal from special term, New York county.

Action by Charles F. Starr against Charles Gordon Patterson. Plaintiff having obtained a judgment and issued execution thereon, defendant moved for a perpetual stay of the execution, on the ground that he had obtained a discharge from all his debts under the insolvency laws of Massachusetts. The matter having been referred to S. B. Brownell, as referee, to ascertain and report the facts respecting the discharge of defendant from his debts under and by the laws of the state of Massachusetts, and whether there was any fraudulent purpose in the omission of plaintiff's name from the list of creditors of defendant in said proceeding, and on the hearing of exceptions to the referee's report, the court held that the evidence did not sustain the finding that defendant had not fraudulently omitted plaintiff's name from the schedules in the insolvency proceedings, and denied defendant's motion. From this order defendant appeals. The insolvency law of Massachusetts (Pub. St. Mass. c. 157) provides (section 19) that the debtor shall make on oath "a schedule, containing a full and true account of all his creditors, with the place of residence of each creditor, if known to the debtor, and the sum due to each of them." Section 81 provides that when all the proceedings have been had as prescribed, the debtor shall be given a certificate of discharge, and that "the certificate shall be conclusive evidence of the fact and regularity of such discharge." For former opinion, see 11 N. Y. Supp. 371.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*Lawton & Neu, (J. Warren Lawton,* of counsel,) for appellant. *Merrill & Rogers, (Payson Merrill,* of counsel,) for respondent.

PER CURIAM. Upon an examination of the papers in this case, we are of opinion that the statute printed in the appellant's points presents an entirely different question from any which has ever been before the court before. On the original motion the only question before the court was as to whether or not the omission of the plaintiff's name as a creditor was an act of fraud, and that question was referred to a referee for further proof. On the motion coming up again on the referee's report, the questions of law were not presented, but the case was disposed of simply upon the question of fact, and, there being no change in the testimony, the order now appealed from was made. This new matter, however, arising under the statute of Massachusetts may require further consideration and a different disposition of the case, but, as the record now stands, that subject cannot be considered. The order appealed from must be affirmed, with $10 costs and disbursements, but with leave, on payment of the costs of this appeal and of the proceedings in the court below, to renew the motion upon additional papers.